Wilde J.
delivered the opinion of the Court. The defendants pleaded a tender as to 300 dollars, part and parcel of the several sums claimed by the plaintiff, and at the trial contended that the plaintiff had not made out any legal right or title to further damages ; because it appeared by the votes of the corporation, that the plaintiff was to receive, from time to time, as a compensation for his services, such sum or sums as should be, in the opinion of the board of directors of the bank, considered as a reasonable and fair compensation ; and because it appeared that the board of directors did vote and determine that the plaintiff’s compensation for his services should be limited to the sum of 300 dollars. It was ruled at the trial, that the plaintiff was not bound to accept the compensation voted by the directors, unless the jury should be of opinion, that the sum voted was a reasonable compensation; and the question, whether it was a reasonable compensation, was submitted to the jury upon the whole evidence.
As the pleadings are, and talcing into consideration the legal effect of the tender, we are of opinion that the question as to reasonable compensation was properly left to the determination of the jury. The defendants, by tendering the sum of 300 dollars and bringing it into court on both counts in the declaration, must be considered as admitting the several prom *349 ises as set out in the declaration; indeed there is an express admission in the defendants’ plea to this effect. The words are, ££ because they say, that after the making of the said several promises and undertakings in the said declaration mentioned,” &c. This clearly is an express admission that the defendants did make the several promises declared on ; and they are estopped to deny that these promises are truly stated ; nor can they add to them any qualification or limitation of their own liability ; and if there was evidence to this effect, it could have no legal effect against the defendants’ express or implied admission to the contrary.
As to the implied admission, it has been argued that the payment of money into court and a tender, is an admission of a special contract only, and does not apply to the common counts. We do not perceive any very good reason for this distinction ; but if there is any such distinction, it can only go to the exclusion of cases founded on implied promises. The case of Bennett v. Francis, 2 Bos. & Pul. 550, was on an implied promise for goods sold and delivered, and the bringing money into court was held to be an admission of the contract as stated in the declaration. The case at bar was founded on an express promise, or, in other words, on a special contract between the parties, and not on a promise implied by law. That part of the agreement, which referred the question as to the amount of compensation to the board of directors, has been waived by the parties. There is therefore both an implied and express admission, that the defendants made the contract as stated in the plaintiff’s declaration.[1]
This is not like the case of Clarke v. Gray et al., 6 East, 564, which was a case against common carriers, who had given notice that they would not be responsible for more than £5 for the loss of any goods, unless such goods were entered and paid for as of a higher value. The goods in that case were of a higher value, and the declaration was in the common form, but the defendants were allowed to bring £5 into court, and it was held a good bar to the plaintiff’s recovery of further *350 damages. The contrary doctrine was held in the case of Yate v. Willan, 2 East, 128, but we think the case of Clarke v. Gray et al. was rightly decided on the distinction, that the notice by the defendants amounted only to a limitation of the damages to be recovered in the event of the breach of the contract of carriage, and not to a qualification of the contract itself. That case was expressly decided on that ground, so that the decision does not militate against the rule in question.
We are of opinion, therefore, that the question as to what was a reasonable compensation for the plaintiff’s services was a question for the jury to determine, and that the plaintiff is entitled to judgment according to the verdict.

 See Seaton v. Benedict, 5 Bingh. 31; 2 Stark. Ev (5th Am. ed.) 600 to 603; Jones v. Hoar, 5 Pick. (2nd ed.) 291, note 1; Cox v. Brain, 3 Taunt. 95; Bulwer v. Horne, 1 Nev. & Man. 117.